**Joseph R. EVANNS, as an individual and on behalf of all those similarly situated, Plaintiff–Appellant,**

**v.**

**AT&T CORPORATION, a corporation; MCI Corporation, a corporation; Pacific Bell, Inc., a corporation; MCI Telecommunications Corporation, erroneously sued as MCI Corporation; MCI Communications Corporation, erroneously sued as MCI Corporation, Defendants–Appellees.**

**No. 99–55165.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2000[1]

Filed Oct. 25, 2000

---

1. The panel unanimously finds this case suit-

able for decision without oral argument. *See*

Egon Mittelmann, Beverly Hills, California, for the plaintiff-appellant.

James D. Gustafson, Claypool, Gustafson & Goostrey, Los Angeles, California; Donald B. Verrilli, Jr., Jenner & Block, Washington, D.C.; and Gleam O. Davis, Pacific Telesis Group Legal Department, for the defendants-appellees.

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, TASHIMA and SILVERMAN, Circuit Judges.

T.G. NELSON, Circuit Judge:

The principal issue to be addressed in this appeal is whether the filed-rate doctrine bars a suit by a consumer challenging a carrier's pass-through of a fee imposed by the Federal Communications Commission.

## I.

The Federal Communications Commission ("FCC" or "Commission") requires communication carriers to remit funds to the FCC's Universal Service Fund ("USF") pursuant to the Commission's "Universal Service Order."[2] Pursuant to authority granted them by the FCC, AT & T and MCI passed the USF fee on to their customers. Pacific Bell did not, but did collect the fee for AT & T and MCI for services they had rendered to Pacific Bell customers.

Joseph R. Evanns sued AT & T, MCI and Pacific Bell in California Superior Court, alleging that the USF fee, or "e-rate" as he described it, was "wrongful, illegal and unlawful under State and Federal Law." He sought damages in excess of one billion dollars and attorneys' fees of seventy million dollars. The carriers removed the case to federal district court and moved to dismiss for failure to state a claim on which relief could be granted.

The district court found that it had jurisdiction and dismissed the complaint pursuant to the filed-rate doctrine.

On appeal, Evanns raises a number of issues, some of which were not raised in the district court. In this opinion, we address only the district court's dismissal pursuant to the filed-rate doctrine.[3]

## II.

We review *de novo* the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Evanns' complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond a doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief."[5]

Evanns' complaint alleges that the defendants have "collected from users of long distance telephones a special assessment surcharge"; that this "assessment was collected in order to fund a program set up by the Federal Communications Commission ('FCC') known as 'e-rate'"; that, by collecting this assessment, the defendants "wrongfully and illegally and unlawfully ... have passed on these costs to their customers in the form of the special assessment"; and that the special "assessment [is] wrongful, illegal and unlawful under State and Federal Law."[6] Assuming, as we must, that the *facts* alleged in the complaint are true,[7] the filed-rate doctrine prevents Evanns from stating a claim, under either federal *or* state law, upon which relief can be granted. The district court's dismissal was therefore proper.

---

**2.** *See* Report and Order, *In re Federal State Joint Board on Universal Service,* 12 F.C.C.R. 8776, 1997 WL 236383 (1997) ("Universal Service Order").

**3.** The other issues raised by Evanns are addressed in an unpublished memorandum filed contemporaneously with this opinion.

**4.** *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

**5.** *Id.*

**6.** Complaint at 2–4.

**7.** *See Steckman,* 143 F.3d at 1295 (In determining whether dismissal of a complaint is proper under Rule 12(b)(6), "we must treat all of plaintiff's factual allegations as true.")

■ The filed-rate doctrine, also known as the "filed-tariff doctrine," derives from the tariff-filing requirements of the Federal Communications Act ("FCA").[8] Under this doctrine, once a carrier's tariff is approved by the FCC, the terms of the federal tariff are considered to be "the law" and to therefore "conclusively and exclusively enumerate the rights and liabilities" as between the carrier and the customer.[9] Not only is a carrier forbidden from charging rates other than as set out in its filed tariff,[10] but customers are also charged with notice of the terms and rates set out in that filed tariff and may not bring an action against a carrier that would invalidate, alter or add to the terms of the filed tariff.[11]

■ Moreover, "the filed rate doctrine bars all claims-state and federal-that attempt to challenge [the terms of a tariff] that a federal agency has reviewed and filed."[12] For example, in *American Tel. & Tel. Co. v. Central Office Tel., Inc.*,[13] the Supreme Court held that the filed-rate doctrine barred the plaintiff's state-law claims for breach of contract (including breach of an implied covenant of good faith and fair dealing) and tortuous interference with contractual relations.[14] In so holding, the Court rejected the argument that the saving clause of the FCA, 47 U.S.C. § 414, preserved these state law claims: "[Section 414] preserves only those rights that are not inconsistent with the statutory filed-tariff requirements. A claim for services that ... directly conflict[s] with the tariff-the basis for both the tort and contract claims here-cannot be 'saved' under § 414."[15]

In an attempt to circumvent the well-established filed-rate doctrine, Evanns argues that he is not challenging the defendant carriers' filed tariffs. As Evanns puts it, his claim is that the defendants' collection of the USF assessment is unlaw-

---

8. Under the FCA, every common carrier must file with the FCC "schedules" (also known as "tariffs") "showing all charges" and "showing the classifications, practices, and regulations affecting such charges." 47 U.S.C. § 203(a). Furthermore, a carrier may not lawfully "extend to any person any privileges or facilities in such communication, or employ or enforce any classifications, regulations, or practices affecting such charges, except as specified in such schedule." 47 U.S.C. § 203(c)(3).

9. *Marcus v. AT & T Corp.*, 138 F.3d 46, 56 (2d Cir.1998); *see Cahnmann v. Sprint Corp.*, 133 F.3d 484, 487 (7th Cir.1998) ("[T]he filed tariff is the contract between the plaintiff ... and Sprint."); *American Tel. & Tel. Co. v. City of New York*, 83 F.3d 549, 552 (2d Cir.1996) ("[F]ederal tariffs have the force of law and are not simply contractual."); *MCI Telecomm. Corp. v. Garden State Inv. Corp.*, 981 F.2d 385, 387 (8th Cir.1992) ("[F]ederal tariffs are the law, not mere contracts."); *Carter v. American Tel. & Tel. Co.*, 365 F.2d 486, 496 (5th Cir.1966) ("[A] tariff, required by law to be filed, is not a mere contract. It is the law.").

10. *Arkansas Louisiana Gas Co. v. Hall*, 453 U.S. 571, 577, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981).

11. *See American Tel. & Tel. Co. v. Central Office Tel., Inc.*, 524 U.S. 214, 222, 227, 118 S.Ct. 1956, 141 L.Ed.2d 222 (1998) (noting that the filed-rate doctrine applicable to the Interstate Commerce Act also applies to the FCA, that under the doctrine "[d]eviation from [the filed rate] is not permitted ... [and customers] are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the Commission to be unreasonable," and that "[t]he rights as defined by the tariff cannot be varied or enlarged by either contract or tort of the carrier"); *Kansas City S. Ry. Co. v. Carl*, 227 U.S. 639, 653, 33 S.Ct. 391, 57 L.Ed. 683 (1913) (discussing the filed-rate doctrine in the context of tariffs filed in compliance with the Interstate Commerce Act).

12. *County of Stanislaus v. Pacific Gas & Elec. Co.*, 114 F.3d 858, 866 (9th Cir.1997); *see Marcus*, 138 F.3d at 56–57, 64–65 (finding breach of warranty, negligent misrepresentation, false advertising and unjust enrichment claims to be barred by filed tariffs).

13. 524 U.S. 214, 118 S.Ct. 1956, 141 L.Ed.2d 222.

14. *Id.* at 227–28, 118 S.Ct. 1956.

15. *Id.* at 227, 118 S.Ct. 1956 (citation omitted).

ful because "by law (47 CFR 69.604) they are not allowed to collect it unless they *disclose* to their customers that the customers are paying the defendants' own USF assessments and that this is not a charge required by the government to be paid by the consumers."[16] In other words, Evanns claims that the defendant carriers had a duty to disclose that they were making an affirmative business decision to pass through the USF charge to the consumer rather than pay it themselves.

 The USF assessments are, however, included in the defendant carriers' tariffs filed with the FCC. The defendants were therefore *required to collect*, and the consumers *required to pay*, this assessment.[17] The filed-rate doctrine bars Evanns' claim, whether based on federal *or* state law, that the collection of the assessment in compliance with the tariffs was unlawful.[18] Moreover, because, as stated previously, the terms of the filed tariffs "conclusively and exclusively enumerate the rights and liabilities of the contracting parties,"[19] Evanns' claim that the defendant carriers had obligations to him *beyond those* set out in the filed tariffs, i.e., that the defendants had a duty to *disclose* the fact that the USF assessment was a pass-through charge, is also barred by the filed-rate doctrine.[20]

### III.

The filed-rate doctrine bars any claim, whether couched in terms of federal *or* state law, attacking the defendants' collection of the USF assessment in compliance with the terms of the filed tariffs.[21] The district court's dismissal of Evanns' complaint is therefore affirmed.[22]

AFFIRMED.

---

**16.** Appellant's Op. Br. at 17–18 (emphasis added); *see* Appellant's Reply Br. at 7.

**17.** *See Louisville & Nashville R.R. Co. v. Maxwell*, 237 U.S. 94, 97–98, 35 S.Ct. 494, 59 L.Ed. 853 (1915) (Even "[i]gnorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed.... The [applicable published] rate is that which the carrier must exact and that which the shipper must pay." (citations and quotations omitted)).

**18.** *See Central Office*, 524 U.S. at 226–27;, 118 S.Ct. 1956 *Marcus*, 138 F.3d at 60–62.

**19.** *Marcus*, 138 F.3d at 56.

**20.** *See id.* at 61–62 (finding non-disclosure claims to be barred by filed-rate doctrine); *see also Central Office*, 524 U.S. at 227, 118 S.Ct. 1956 ("The rights as defined by the tariff cannot be varied or enlarged by either contract or tort of the carrier.").

**21.** Evanns does not claim that the defendant carriers have failed to comply with the terms of their filed tariffs, nor does he claim that the terms of the filed tariffs themselves are unreasonable or unjust. Evanns claims only that the carriers had obligations beyond those set out in their filed-tariffs-to disclose that the

assessment set out in the tariffs was a pass through. For the reasons previously set forth, such a claim cannot survive the filed-rate doctrine.

**22.** *Federal Power Comm'n v. Sierra Pac. Power Co.*, 350 U.S. 348, 76 S.Ct. 368, 100 L.Ed. 388 (1956), and *United Gas Pipe Line Co. v. Mobile Gas Serv. Corp.*, 350 U.S. 332, 76 S.Ct. 373, 100 L.Ed. 373 (1956), two cases relied on extensively by Evanns, are inapplicable to the present case. The question before the Court in those cases was whether the Federal Power Act and the Natural Gas Act gave a public utility company and a natural gas company the authority to unilaterally change a private rate agreement for distribution of electricity/gas simply by filing a new rate schedule with the Federal Power Commission. The Court held that the Acts did not confer such authority. *See Sierra*, 350 U.S. at 352–53, 76 S.Ct. 368; *Mobile*, 350 U.S. at 343–44, 76 S.Ct. 373. The holdings in *Sierra* and *Mobile* are not applicable to the present case because in the present case we are addressing the FCA, not the Federal Power Act and the Natural Gas Act and, as the Court recognized in *Mobile*, in contrast to the Federal Power Act and Natural Gas Act, the Commerce Act (and hence the FCA) "precludes private rate agreements by its requirement that the rates to all

shippers be uniform." 350 U.S. at 338, 76 S.Ct. 373.